IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLIFFORD J. DAVLIN,<br><br>                      Petitioner,<br><br>     vs.<br><br>SCOTT R. FRAKES, Director of the Nebraska Department of Correctional Services, Nebraska State Penitentiary;<br><br>                      Respondent. | **8:22CV301**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Clifford J. Davlin's ("Davlin" or "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Filing No. 1. For the reasons discussed below, it appears Davlin's petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, the Court will order Davlin to show cause within 30 days why this case should not be dismissed with prejudice as barred by the statute of limitations.

**I. BACKGROUND**

Davlin was convicted after a jury trial in the District Court of Sarpy County, Nebraska of first degree sexual assault of a child and use of a knife to commit a felony and was sentenced as a habitual criminal on May 6, 1994, to consecutive terms of 15 to 25 years' and 10 years' imprisonment. Filing No. 1 at 3, 10–13. Though not alleged in the petition, "Davlin's convictions and sentences were affirmed by memorandum opinion on direct appeal" on February 28, 1995. *State v. Davlin*, 658 N.W.2d 1, 4 (Neb. 2003) (citing *State v. Davlin*, 3 Neb.App. xiii (No. A 94-505, Feb. 28, 1995)). On March 7, 2003, the Nebraska Supreme Court affirmed the denial of Davlin's motion for postconviction

relief in *State v. Davlin*, 658 N.W.2d 1 (Neb. 2003). Davlin alleges in his petition that he filed a state petition for writ of habeas corpus on November 29, 2021, which the state district court denied. Filing No. 1 at 3, 15. The Nebraska Court of Appeals affirmed the state district court's decision, and the Nebraska Supreme Court denied Davlin's petition for further review on August 5, 2022. *Id.* at 3, 14.

Davlin filed his habeas petition in this Court on August 22, 2022, and this Court's records reflect that this is Davlin's first attempt at habeas corpus relief with respect to these Sarpy County convictions. Liberally construed, Davlin claims he was denied his rights to due process and a fair trial in violation of the Fifth, Sixth, and Fourteenth Amendments because the criminal information filed in the state district court was defective as it omits the language "who prosecutes in the name and by authority of the State of Nebraska." See *Id.* at 7 (citing *Worthen v. County of Johnson*, 62 Neb. 754 (1901)).

## II. DISCUSSION

A district court may consider, sua sponte, the timeliness of a state prisoner's habeas corpus petition. See *Day v. McDonough*, 547 U.S. 198, 209 (2006). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), PL 104–132, April 24, 1996, 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Davlin's convictions were affirmed on direct appeal on February 28, 1995, and, according to his state records online, no petition for further review was filed and the mandate issued on April 4, 1995.[1] Thus, Davlin's conviction became final in 1995, prior to the enactment of the AEDPA. State prisoners, like Davlin, whose convictions became final before enactment of the AEDPA received a one year grace period from the AEDPA's effective date to file their § 2254 petitions in federal court.[2] The one year grace period began on April 24, 1996, and, unless extended or tolled in a particular case, expired on April 24, 1997. *Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001); *Mills v. Norris*, 187 F.3d 881, 882 (8th Cir. 1999). Thus, because Davlin's convictions became final before the AEDPA's effective date, Davlin had until April 24, 1997 to file his § 2254 habeas petition. Davlin did not file his habeas petition until August 22, 2022, over 25 years later.

---

[1] See attached Nebraska Appellate Courts Case Search SCCALES printout for *State v. Clifford J. Davlin*, A 94-505, Nebraska Court of Appeals, at https://www.nebraska.gov/courts/sccales/index.cgi; *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

[2] None of the other three provisions of § 2244(d)(1) is relevant to this matter, as nothing prevented Davlin from seeking federal habeas relief earlier; Davlin does not seek relief pursuant to a newly recognized constitutional right; and the factual predicate of Davlin's claims would have been known to him at the time that his conviction became final.

3

Thus, absent sufficient tolling or an equitable exception, any claims related to Davlin's convictions or sentences are barred by the statute of limitations.

While Davlin asserts that he filed his petition within one-year of the denial of his state petition for writ of habeas corpus, "which concluded the exhaustion of all the Petitioner's state court remedies available to him," Filing No. 1 at 2, the petition's allegations and attachments indicate that his state habeas petition was filed on November 29, 2021, well after the one-year limitations expired on April 24, 1997. *See Id.* at 15. Moreover, Davlin's state postconviction proceedings concluded on March 7, 2003, and, even if the Court assumes Davlin is entitled to tolling of the limitations period until that date, his federal habeas petition is still likely untimely by over nineteen years.

Accordingly,

IT IS ORDERED that:

1. Davlin is ordered to show cause within 30 days why this case should not be dismissed because it is barred by the statute of limitations. Failure to respond to this order will result in dismissal of this action without further notice to Plaintiff for the reasons explained above.

2. The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **March 1, 2023**: check for response to show cause order.

Dated this 30th day of January, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

5



**Official Nebraska Government Website**
NEBRASKA.GOV

Select Language ▼

All State Agencies | All State Services |

# Nebraska Judicial Branch

☐ Nebraska Appellate Courts Case Search          ☐ Demo    ☐ JUSTICE Search

## Case Summary

```
                    State v. Clifford J. Davlin
The Case ID is A 94-505
Appealed on 05/19/1994.
Filed on 05/23/1994.
Classification: Felony - Advanced

Trial Court:      Sarpy County District Court
Trial Case ID:    9369-1674
Trial Judge:      Ronald E. Reagan
Original Court: Sarpy County District Court

This case was mandated on 04/04/1995.

This case is not currently scheduled.
```

*Last viewed on January 27, 2023*

## Parties/Attorneys to the Case

```
             Parties                            Attorneys

Appellee/Plaintiff                    Kimberly A Klein
State of Nebraska                     eNotice eMail Below
                                      ATTORNEY GENERAL
                                      2115 State Capitol
                                      PO Box 98920
                                      Lincoln, NE 68509
                                      (402) 471-2682


Appellant/Defendant                   Thomas J Garvey
```

```
Clifford J. Davlin                      eNotice eMail Below
                                        HASCALL JUNGERS LAW FIRM
                                        101 W. Mission Avenue*
                                        Bellevue, NE 68005-0400
                                        (402) 291-8900

                                        Gregory A Pivovar
                                        eNotice eMail Below
                                        PIVOVAR LAW FIRM
                                        2312 Cornhusker Road
                                        Bellevue, NE 68123-2410
                                        (402) 934-7445


                    eNotice Emails
     Kimberly A Klein
          kimberly.klein@nebraska.gov
     Thomas J Garvey
          thomasjgarvey@yahoo.com
     Gregory A Pivovar
          gpiv@cox.net
```

## Register of Actions

```
A 04/14/1995 Receipt of CDC for returned record


A 02/28/1995 Disposition
 Affirmed.   Hannon, Judge.   See memorandum opinion.
                              Mandated   04/04/1995


A 02/15/1995 Submission to Court
           Submitted 02/15/1995 Disposed 02/28/1995


A 10/11/1994 Brief of Appellee-State
           Filed By State of Nebraska


A 09/28/1994 B/E Test


A 09/08/1994 Brief of Appellant-Davlin
           Filed By Clifford J. Davlin


A 08/22/1994 Disposition
 Motion considered.  By order of the Court, FINAL brief day is extended
 to September 8, 1994.  Failure to file brief subjects the appeal to
```

Last viewed on January 27, 2023

```
       dismissal.

A 08/02/1994 Mot. of Appellant Ext. Brf. Dt.
             Filed By Clifford J. Davlin
             Submitted 08/22/1994 Disposed 08/22/1994

A 07/01/1994 Notice of Filing Bill of Exceptions

A 06/20/1994 Presentence Report

A 06/16/1994 Transcript
```

☐ Back to top

Built and Maintained by Nebraska.gov

All State Agencies | All State Services

**Nebraska Judicial Branch**
http://www.supremecourt.ne.gov/

Security, Accessibility, and Privacy Policies

Nebraska.gov
Contact Us: Support

https://www.nebraska.gov/courts/sccales/index.cgi[1/27/2023 2:37:20 PM]